UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA BAKER, 101 Greenwood Avenue, Jenkintown, PA 19046<br><br>              Plaintiff,<br><br>      v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>              Defendant. | Case No.: 18-2403 |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Joshua Baker brings this action against Defendant Consumer Financial Protection Bureau, to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### NATURE OF THE ACTION

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, *as amended*, to compel the production of records concerning the investigation of Zillow Group, Inc. by Defendant Consumer Financial Protection Bureau.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4. Plaintiff Joshua Baker is a resident of Pennsylvania with his principal place of business located at 101 Greenwood Avenue, Jenkintown, PA 19046. Mr. Baker is an attorney with The Rosen Law Firm, P.A. ("Rosen"), a law firm representing, among others, individual and institutional investors in securities class actions. Mr. Baker is the requester of the withheld records.

5. Defendant Consumer Financial Protection Bureau is an agency of the United States and is headquartered at 1700 G Street NW, Washington, DC 20220. Defendant has possession, custody and control over the records to which Plaintiff seeks access.

## STATEMENT OF FACTS

*Statutory Framework*

6. FOIA imposes strict deadlines on federal agencies when they receive a request for records pursuant to FOIA. An agency must determine whether to disclose responsive records and notify the requester of its determination within 20 working days of receiving a FOIA request. 5 U.S.C. § 552(a)(6)(A). The agency must make the responsive records available "promptly," unless it can establish that certain unusual circumstances are present or that it may lawfully withhold records, or portions thereof, from disclosure. *Id.* § 552(a)(6). The agency must also inform the requester within 20 working days that it has a right to appeal the agency's determination. *Id.* § 552(a)(6)(A)(i)(III)(aa).

7. Only in specific, limited circumstances may the agency obtain more time to make its determination.

8. First, the agency may toll the 20-working-day deadline in order to seek additional information or clarification from a requester. That tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii).

9.      Second, the agency may extend the deadline for an additional 10 working days by giving *written notice* to the requester that sets forth "unusual circumstances" to justify a deadline extension, including the date by which the agency expects to make the determination. *Id.* § 552(a)(6)(B)(i). To invoke "unusual circumstances," the agency must provide the requester with "an opportunity to limit the scope of the request so that it may be processed within [20 working days] or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii). When asserting unusual circumstances, the agency must also "make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.*

10.     The agency must make reasonable efforts to search for records in a manner reasonably calculated to locate all records responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

11.     FOIA requires the agency to promptly and expeditiously disclose requested records, and mandates a policy of broad disclosure of government records. Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

*Plaintiff's FOIA Request*

12.     On June 26, 2018, Plaintiff submitted a FOIA request letter to Defendant, by email, seeking access to the following:

> Any documents and/or correspondence related to the Civil Investigative Demand issued in 2015 by the Consumer Financial Protection Bureau to Zillow Group, Inc., including any documents and/or correspondence pertaining to the subsequent investigation.

13.     Plaintiff submitted this request in connection with his employer Rosen's duties as Lead Counsel for the Lead Plaintiffs in the putative securities class action, *In re Zillow Group, Inc. Securities Litigation*, Case No. 17-cv-1721-JCC, currently pending in the United States District Court for the Western District of Washington before Judge Coughenour.

14. In the class action, Rosen represents purchasers of the securities of Zillow Group, Inc. ("Zillow"), alleging violations of the Securities Exchange Act of 1934. The class action plaintiffs alleged in their amended complaint that Zillow made false and misleading statements concerning, among other things, the civil investigation of Zillow by Defendant with respect to Zillow's potential violations of the Real Estate Settlement Procedures Act ("RESPA"), beginning in or around 2015.

15. As the amended complaint alleged, Defendant launched an investigation in Zillow's potential RESPA violations in April 2015. On August 8, 2017, Zillow acknowledged that Defendant had notified the company that it intended to charge Zillow with RESPA violations if the company did not reach a settlement with Defendant. Zillow's share price fell $7.43 over the following two days, harming shareholders.

16. On June 25, 2018, Zillow filed a Form 8-K with the SEC stating that the company received a letter from Defendant on June 22, 2018, which stated that it had completed its investigation and did not intend to take enforcement action.

17. On October 2, 2018, Judge Coughenour granted the motion to dismiss the amended complaint "without prejudice and with leave to amend." *In re Zillow Group, Inc. Sec. Litig.*, No. C17-1387-JCC, 2018 WL 4735711, at *18 (W.D. Wash. Oct. 2, 2018). Judge Coughenour directed that the class action plaintiffs file a second amended complaint within forty-five days of the order, or by November 16, 2018. *Id.*

18. Plaintiff believes that the documents Plaintiff seeks in his FOIA request to Defendant are critical to supporting the allegations of a second amended complaint in the class action and vindicating the rights of the putative class of shareholders that Rosen represents. A prompt response to Plaintiff's FOIA request is also critical in light of the November 16, 2018

deadline for the class action plaintiffs to file a second amended complaint, per Judge Coughenour's order.

*Defendant's Deficient Response*

19. On July 24, 2018, Defendant sent an email attaching a letter dated June 27, 2018 acknowledging receipt of Plaintiff's request. Plaintiff had not received this letter or any correspondence concerning the request prior to Defendant's email on July 24, 2018. In the letter, Defendant assigned the request Case Number #BCFP-2018-642-FOIA.

20. Defendant sent another email on July 24, 2018, minutes later, enclosing a fee estimate dated July 24, 2018 for Plaintiff's request. In the letter, Defendant estimated that the fee to search for documents responsive to Plaintiff's request was approximately $35,160, and demanded that Plaintiff make an advance payment of the anticipated fee before Defendant would begin to process Plaintiff's request, citing 12 C.F.R. § 1070.22(f).

21. July 24, 2018 was the nineteenth working day following Plaintiff's request. In neither of the July 24 letters did Defendant invoke the ten-day extension of time provision of 5 U.S.C. § 552(a)(6)(B)(i). Neither of the July 24 letters included a determination of Plaintiff's request, or informed Plaintiff that he has a right to appeal the agency's determination.

22. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether it would comply with the request within twenty working days and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Defendant's determination was due by July 25, 2018 at the latest.

23. After reviewing Defendant's fee estimate letter, Plaintiff's employer, Rosen, promptly remitted a check dated July 25, 2018 to Defendant for $35,160, the full amount of the

fee estimate. When Plaintiff noticed that the check remained outstanding weeks later, Plaintiff contacted Defendant by email dated August 16, 2018.

24. On August 17, 2018, Plaintiff spoke with Ms. Holly Walter of Defendant over the phone. Ms. Walter stated that Defendant had not cashed Rosen's check because she expected that Defendant would withhold or redact the vast majority of the documents responsive to Plaintiff's request, and they wanted to give Plaintiff an opportunity to narrow his request. No determination had been made at that time, as in fact Defendant had not yet performed the search for documents responsive to Plaintiff's request. Plaintiff did not receive any determination or confirmation in writing.

25. On October 2, 2018, Plaintiff emailed Defendant to confirm that, despite the fact that Ms. Walter anticipated significant withholdings and redactions, Plaintiff still wished to proceed with the unaltered search and production of documents responsive to Plaintiff's June 26 request.

26. On October 4, 2018, Plaintiff spoke with Ms. Walter on the phone again. Ms. Walter stated that Plaintiff's request would fall into the "complex" queue, that there were approximately twenty requests ahead of Plaintiff's in the queue, and that as a result, she estimated that Defendant would require six to nine months in order to process Plaintiff's request. Plaintiff still did not receive any determination or confirmation regarding his request in writing.

27. As of the date of this complaint, Defendant has failed to: (1) determine whether it will comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

28. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), or to cure its failure prior to the filing of this complaint, Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

29. Plaintiff realleges paragraphs 1 through 28 as if fully stated herein.

30. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

31. Plaintiff is being irreparably harmed by reasons of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Order Defendant to conduct searches for any and all records responsive to Plaintiff's request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request;

(2) Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request;

(4) Award Plaintiff his costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated: October 18, 2018

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

By: /s/ Nicholas I. Porritt
Nicholas I. Porritt (D.C. Bar No. 457611)
1101 30th Street NW, Suite 115
Washington, D.C. 20007
Telephone: (202) 524-4290
Facsimile: (202) 333-2121
Email: nporritt@zlk.com

*Counsel for Plaintiff*

**THE ROSEN LAW FIRM, P.A.**
Jonathan Stern (*pro hac vice* to be filed)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jstern@rosenlegal.com

*Counsel for Plaintiff*